91  173<br>158a 696

ELLIOTT J. SMITH, Appellant, *v.* WILLIAM NICOLL, Respondent.

*Broker — when commissions upon the sale of real estate are earned — justifiable statement by the vendor to the purchaser.*

A broker is not entitled to commissions upon the sale of real estate unless he procures a purchaser ready and willing to buy the land upon the terms of his principal, the owner.

In an action brought by a broker to recover commissions, agreed to be paid upon the sale of certain islands, it appeared that one Taylor, through his agent Treadwell, offered to buy the property at $160 per acre; that the plaintiff reported the offer to the owner and told him that the brokerage would be $8,000, and that, upon a basis of 220 acres, the sale would net the defendant $27,200; that the proposed purchaser desired that his agent Treadwell should have one-half of the commissions and that Treadwell was to have $4,000. The defendant assented to this and signed a contract for the sale, but immediately wrote to the proposed purchaser and told him the facts as to the proposed division of the commissions; the proposed purchaser, objecting to the arrangement by which his own agent was to receive one-half of the commissions, refused to sign a contract for the purchase of the property and the sale was abandoned.

*Held,* that the plaintiff had not procured a purchaser upon the terms of the defendant and was not entitled to commissions;

That the act of the defendant, in informing the proposed purchaser of the large commission demanded and of the fact that the purchaser's agent was to share equally in it, was not an unlawful interference on the defendant's part.

APPEAL by the plaintiff, Elliott J. Smith, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Suffolk on the 24th day of April, 1895, upon the dismissal of the complaint, directed by the court after a trial at the Suffolk Circuit before the court and a jury.

*George H. Bruce*, for the appellant.

*Timothy M. Griffing*, for the respondent.

BROWN, P. J. :

We are of the opinion that this case was properly disposed of at the Circuit.

The action was brought to recover commissions agreed to be paid upon a sale of real estate. The parties do not differ about the rule of law applicable to the case, and the only question is whether the plaintiff procured for the defendant a purchaser ready and willing to purchase the land upon his terms. The plaintiff testified that defendant asked him to find a purchaser for his farm. That thereafter he had negotiations with Mr. George C. Taylor with the result that on October 22, 1894, Mr. Taylor, through one Treadwell, made an offer of $160 per acre for three islands in Great South Bay called the Fire Islands. The plaintiff thereupon called on the defendant and reported the offer to him, and told him that the brokerage would be $8,000, and that upon the basis of 220 acres the sale would net him $27,200 ; that Mr. Taylor desired his own agent, Treadwell, to have one-half of the commissions, and that Treadwell was to have $4,000. Defendant orally accepted the offer, and a contract having been prepared expressing the terms of the sale, it was signed by defendant and delivered to the plaintiff to procure Taylor's signature. Plaintiff delivered the contract to Taylor, but before he signed it he received from the defendant a letter, of which the following is a copy :

" *October 27th,* 1894.

" GEORGE C. TAYLOR, Esq., Islip, L. I. :

" DEAR SIR — I had a call a few days ago from Messrs. Elliott J., and Eugene R. Smith, who came to make a proposition to me regarding the sale of the islands in the Great South Bay. They informed me that you were willing to purchase this property at $160 per acre, but demanded for themselves and Mr. Treadwell a commission of $8,000, which, they said, was to be divided between them. They assured me that you knew of and approved this arrangement and that the sale could not be made on any other basis. I, therefore, prepared and signed a contract and gave it to Smith.

" I do not wish you to sign the contract without being fully

aware of the disposition to be made of the purchase money and take this means to assure myself that you are informed of the exact facts in the case. If you see nothing objectionable to the arrangement I have nothing to say, as the contract is perfectly satisfactory to me and I have no wish to withdraw from it.

"I remain very truly yours,

"WM. NICOLL."

Taylor was called as a witness by the plaintiff, and testified upon his cross-examination that he knew nothing about the arrangement that Treadwell should have half of the commission; that he thought it was an outrageous piece of business, and that after receiving defendant's letter he had declined to have anything further to do with the matter.

Upon these facts it is clear that the plaintiff did not procure a purchaser on the defendant's terms. The terms of the sale were for the first time fixed by the written contract, and it was essential to plaintiff's right to recover that he should have procured Mr. Taylor's assent to that contract or proved that he was prevented from so doing by the defendant.

It was not an unlawful interference for the defendant to have written the letter I have quoted. No terms or conditions were by that letter attached to the sale except such as were expressed in the written contract, and defendant expressed his satisfaction with the contract, and that he had no desire to withdraw from it. In our judgment it was eminently proper that Mr. Taylor should have been informed of the extraordinary commission which the agents of the parties demanded, and of the large sum which his agent Treadwell expected to receive from the sale, and the defendant performed a commendable act in giving him that information. If it had the effect to prevent the sale the plaintiff has no legal cause of complaint. The condition was one created by himself and one which both principals were entitled to know.

The judgment must be affirmed, with costs.

PRATT and DYKMAN, JJ., concurred.

Judgment affirmed, with costs.